Thank you, Your Honor. I will, and I'll attempt to reserve some time for rebuttal as well. You certainly may. Oh, absolutely. No, you certainly have that right. May it please the Court, I'm Lisa Hay with the Federal Defender's Office. I represent Petitioner Isaias Beltran, who was convicted by the State of Oregon of a serious crime after a trial at which he was not present and at which all evidence was presented by unsworn testimony that was not subject to cross-examination. In addition, Mr. Beltran was represented by an attorney who had never met him, who failed to investigate or call witnesses, who admitted he was unprepared to proceed. Mr. Beltran was convicted and sentenced to 100 months in prison as a result of this proceeding. Despite the evident flaws, Mr. Beltran's appellate counsel failed to raise any aspects of this unconstitutional, inabstential trial on appeal. That failure of appellate counsel violated Mr. Beltran's rights under the 14th Amendment of the United States Constitution to the effect of assistance of counsel. The state post-conviction court's contrary finding should be reviewed for the error it is, and this Court should acknowledge constitutional violations and grant relief. Well, what is the Oregon law with respect to waiving an appearance in court? That waiver that he signed with bold capital letters made it pretty clear. Is there any legal impediment to doing that? Well, Your Honor, first I would say that federal law, of course, governs the waiver of federal constitutional rights in any proceeding. But I asked you about Oregon law, and then we'll get to federal law after we deal with the state law. Your Honor, the Oregon law is not entirely clear. At the time this trial occurred in 1996, the Court recognized that this was a very new device, and the Court said, we're stumbling through this. We hope we do this right. There have been cases in Oregon that have upheld inabstential trials. But as I argued in my briefs, those cases are distinguishable because in each of those cases, the Court informed the defendant that the trial will occur if you do not appear. And that's in the Peters case specifically. The Court emphasized that two or three times, the Court instructed the defendant, do you understand if you don't show, the trial will occur without you. That's an important instruction because a waiver of federal constitutional rights, it has to be not only voluntary but knowing. And I think that's the error in the law. Excuse me, counsel. What about the case of State v. Ketch that seems to say that the signed waiver is enough without the colloquy of the Court? Your Honor, I'll have to find my notes on the Ketch case. If that's an Oregon case, I believe in that one, the defendant nevertheless was informed according to the case itself. The defendant was informed that the trial would proceed without him if he did not appear. And so the Ketch court apparently on the record there found that the defendant had been informed. Are you referring to which case? If that's an Oregon case, Your Honor, the Ketch case, I'll have to look at my notes. State v. Ketch was Oregon Court of Appeals, 1997? It was cited in the briefs. Otherwise, I wouldn't have mentioned it. But it appeared to me to be saying that a signed waiver is sufficient. And it distinguished another Oregon case, State v. Peters, based on the fact that Peters had signed the conditional release form without mentioning in Peters' discussion the oral confirmation secured by Peters' trial court and counsel. So it seemed to be an Oregon case that seems to say if you sign the waiver, that's sufficient. But just proceed, counsel. That's all right. Don't waste your time. Your Honor, I read that case, however, to say that the waiver must be knowing and intentional in order to be valid. And perhaps I read into that a section in the record that said he had been informed. Even if State law, however, were to allow a waiver of these rights based on simply a written record, Federal law would not allow that. Boykin, the Supreme Court case, says that the question of an effective waiver of Federal constitutional right in a proceeding is, of course, governed by Federal standards. So we're talking in this case about a waiver of very important rights to be present at your trial. That right to be present comes as the cornerstone of several other important constitutional rights. Under the Sixth Amendment, the right to compel witnesses to attend your trial, the right to confront witnesses, and the right to notice are all part of the right to appear at trial. When a defendant waives his right to appear, he's not waiving automatically his right to confront witnesses and his right to compel witnesses to attend the trial. Unless the Court informs him of those rights and obtains a knowing waiver of those rights, his constitutional rights are violated. Ginsburg. I have another question about whether or not we should defer to the post-conviction court's determination that the in absentia issues were waived. Would the court move to the post-conviction court? They were not preserved for direct appeal. Right. Your Honor, the post-conviction court made several findings. One finding was that the appellate, the trial counsel failed to preserve the issue. That, the finding of the post-conviction court actually is the issue was not preserved, and if it was, it wouldn't have won anyway. Not exactly an analysis rife with record citations or something that should engender much respect. The question in this Court is how do we view that post-conviction court finding? The State has argued that that is a statutory construction to which we must defer. But, Your Honor, there's no evidence that the Court is construing a statute there. It's this is a finding. And what the Court failed to do was conduct an adequate fact-finding of the record and see if there really was an objection. And I submit on that. Well, wouldn't it be consistent with Oregon law to require a motion for continuance or mistrial to preserve the in absentia issues? Your Honor, the defendant, the defense attorney didn't make any particular motion that can be considered an objection to the in absentia trial. He said he was raising a motion for judgment of acquittal, and then he expanded on that by explaining that he was objecting based on due process to the absentia grounds. The post-conviction court did not say we're applying Oregon law to find that this was not preserved. The Court really looked at the statement of the appellate counsel who said it was not preserved and then the statement of the post-conviction attorney who said it was preserved. And the Court really did a balancing. It said it's not preserved, and if it was, it wouldn't have succeeded anyway. Your Honor, there's significant evidence in the record that the defense attorney did preserve the record, did preserve the objection, and that nobody was confused about whether he was actually objecting to the in absentia trial. And I'll note that he said at the very beginning of the trial, before any evidence was presented, that he was wanting to withdraw to protect the defendant's interests and that he was concerned about proceeding. He'd never met the defendant. He then moved for judgment of acquittal but said it was based on due process because the defendant could not be present. And the Court did not react to that motion by saying, well, there is sufficient evidence, so I'm going to deny your motion for judgment of acquittal, which would be the legal standard. Instead, the judge said they're denying the motion, but it could be reopened if the defendant explains why he was not there. So the judge's reaction to the defense objection shows that the Court was not surprised by the in absentia objection. The Court understood what the point was. And finally, Your Honor, a relevant point is that at sentencing, the Court told the defendant that he could object and he could appeal to the Court of Appeals about the in absentia issue. And this is the same judge who presided at the trial. So that's further evidence that everybody at the proceeding understood the defendant could raise an appeal on this issue. The fact that his appellate counsel did not is ineffective to that counsel. And I did submit to the Court the 28J letter, Halbert v. Michigan, just for the point the Court makes there about the role of appellate counsel in reviewing the record and looking for error. And the Supreme Court notes that the trial attorney might not recognize his own error. And so an effective appellate counsel needs to examine the record and use the legal analysis of an appellate attorney to decide if there's something that should be appealed. So for all those reasons, the appellate counsel was ineffective for not raising the issue. On the specific State court finding, Your Honor, in Taylor v. Maddox, this Court has said that if the fact-finding process is defective and the State court fails to cite a material fact when it makes its finding, that's a reason under the ADPA that we don't need to defer to the State court. And I would submit that's what happened here. The State court did not make a specific finding about the objections. It said the objection was not preserved. If it was, it didn't matter. The record itself shows the preservation of the objection. On the issue of the inobstantial trial itself, the Supreme Court has clearly established that a waiver of constitutional rights must be knowing and voluntary. What the State has focused on and what the State proceedings have focused on is the voluntariness. Did the defendant intentionally leave the State? The question is knowing. And there's nothing in this record that would show the defendant knew that he was going to lose the important rights that he lost. There's nothing there that shows that he knew he was not going to have his witnesses cross-examined. Nothing shows that he was willing to have his witnesses presented with hearsay that was unsworn. Nothing shows he knew that the trial would even go on without him. The written document that the State relies on is not something that's discussed with the defendant in court. And I think that's a significant difference. We don't know that the defendant understood those rights because the judge never said anything to him. Finally, Your Honor, even if the Court were to find that this was a knowing and voluntary waiver of his rights to be present because of that written form, that form itself does not establish a voluntary right to proceed on stipulation or a voluntary decision to proceed on stipulations with unsworn testimony that's not subject to cross-examination. In fact, the form creates exactly the opposite impression. On that written form, defendants informed that he may lose certain rights, like the rights to compel witnesses. But then he's also given an option. Do you want, if you don't appear, a trial? Or do you want a judge trial? Or do you want your lawyer to choose whether you have a jury trial or a judge trial? And Mr. Beltran chose a jury trial. He didn't give his lawyer the authority to choose anything else. He chose a jury trial. What occurred in his case was not a jury trial in the way we understand it from Ferretta. And I'd like to just find the quote from Ferretta, Your Honor. Even if he did – even if this record did establish a rights – a waiver of his right to be present, this proceeding lacked the rights that are, in the words of Ferretta, considered fundamental to the fair administration of American justice, the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence. Mr. Beltran did not receive a trial in the way that our system understands it. So that even if the Court were to find that this piece of paper constitutes a knowing waiver of serious constitutional rights, Mr. Beltran did not receive the trial he was promised. I reserve the remaining time for rebuttal. If that may do so, Counsel. We'll hear from the State. Thank you, Your Honor. May it please the Court, Denis Vanier, appearing for the Respondent. There are really only two issues before this Court today. First, did the State Court unreasonably apply Strigland when it found that appellate counsel was not ineffective in his representation of Petitioner? And second, should Petitioner's procedural default on his claims against his trial attorney Carlson be excused based on Petitioner's actual innocence argument? These are the only two issues before this Court today. And the record in this case demonstrates that the post-conviction Court did not unreasonably apply Strigland in assessing appellate counsel performance, and that Petitioner also fails to make a colorful showing of actual innocence. And for these reasons, this Court should affirm the judgment of the District Court. Now, as far as the claims against appellate counsel are concerned, the argument is that appellate counsel was inadequate because he should have challenged the fact that Petitioner had been tried in absentia. However, as explained in the red brief, whether an issue is preserved for appeal or not is a matter of State law. Well, let me just ask about that. To the extent the in absentia challenge would involve Federal constitutional issues, how can the post-conviction Court be correct that these issues were not preserved for appeal? Do due process challenges need to be preserved? Well, Your Honor. Do jurors take law procedures of any kind? My understanding of the law, Your Honor, is that, yes. The manner in which appeals are conducted, the procedural rights that govern an appeal are a matter of State law. Now, if this Court were inclined to look at the merits, regardless, as the post-conviction Court noted in this case, even if the issue had been preserved, even if it had been raised, it would not have been successful. And the reason for that is that in absentia trials of this type are allowed both under Oregon law and under Federal law. Under Oregon law, the relevant cases are Peters and Cash. And those cases really are on all fours with this situation. The waiver, the written waiver in Peters was essentially identical in its terms to the waiver in the present case. Counsel attached a lot of importance to the fact in Peters there was a colloquy with the Court. However, the important part of the holding in Peters was that the inquiry must, is simply, was the waiver knowing, intelligent, and voluntary? That's the operative inquiry. There wasn't a requirement that, well, the Court has an addition to conduct a colloquy of any type. In this case, the waiver occurred in open court. Petitioner was represented by counsel. He signed this waiver that outlined the various rights that he was waiving. Counsel mentioned that there's nothing in the record that indicates a knowing, intelligent, and voluntary waiver. And we disagree with that. The record does show that. There is this written waiver that says not only that states the trial dates, so that's the knowing part, but also does inform the petitioner that he will lose his right to be present at trial. The trial will proceed without him if he does not appear. It also tells him that he will lose other rights, including the right, I believe it's said, to call and examine witnesses, possibly, that he may also lose the concurrent effective assistance to counsel. So everything in the record, this form, on its face shows a knowing, voluntary, and intelligent waiver of the right to be present at trial. And that is all that both Oregon and Federal law required. The Federal case that really is closest to this issue, excuse me, is Brewer v. Rains, which is a case out of this Court. And in that case, this Court said the right to be present at trial can be waived even before trial has commenced, so long as the record shows that the waiver was intelligent, knowing, and voluntary. And I know there's an argument in the Ponce brief that that case was overruled by the U.S. Supreme Court in Crosby. However, Crosby dealt with Federal Rule of Evidence 43, Federal Rule of Procedure 43, and the U.S. Supreme Court made that very clear that in Crosby it was not addressing the constitutional issues at all. So both Oregon law and Peterson-Kesh and Federal law, as explained in the Supreme Court, U.S. decision in Brewer, indicate that this type of waiver is valid. So even if the issue had been preserved as a matter of State law, even if it could have been raised on appeal, it would not have been successful. And I wish to bring back this Court to the standard of Strickland, because the standard of Strickland is there really are two prongs. In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show not only that counsel was ineffective, but also must show prejudice. In this case, even if it could somehow be said that the appellate counsel was ineffective for not raising the issue, which the State certainly argues against, the petitioner would still lose on the prejudice portion, because there is simply no reasonable probability that an appeal based on his waiver would have succeeded. We would also point this Court to the fact that the petitioner has never argued anywhere in the record that he did not know of his trial dates and that he did not know that the trial could be conducted in his absence. What the arguments were on the record was, especially in the State post-conviction proceedings, what the arguments were was that this waiver is simply invalid, but there was not the specific argument. The petitioner has never said he didn't understand what would happen. In fact, at his sentencing, the trial court asked the petitioner why he didn't appear, and the petitioner explained that he was concerned that he was being railroaded by his trial counsel, that he could see the trial date approaching, and that he left because of that. So there's nothing in the record to suggest in the slightest manner that the petitioner did not understand the meaning of this particular waiver. So because the issue of the validity of the waiver was not preserved for appeal, because even if it had been preserved, it would not have succeeded under either Oregon law or Federal law. Appellate counsel was not ineffective in his representation of the petitioner, and the State post-conviction court findings to that effect are entitled to deference. I would also like to briefly just address also the argument that the trial judge, in this case, and the parties appeared to assume that the issue had been preserved. And the response to that is that under Oregon law, the issue of preservation is jurisdictional, and that's the Wyatt case that's cited in our brief. And Wyatt, in fact, the State and the court of appeals below had a jurisdiction over the case, and they had all assumed that the issue had been preserved. The State had conceded preservation. And when the case, the Wyatt case, came before the Oregon Supreme Court, the court said, that's irrelevant. We look at the record anew. What the parties assumed, what the courts assumed, is not the operative inquiry. Preservation is a jurisdictional matter, and it cannot be waived. And so in this case, the issue was not preserved for the reasons stated in our brief. But I believe really the argument that really disposes of this claim is the fact that even if it had been preserved, the claim would have failed on appeal. Now, trial counsel, I apologize, appellants also mentioned other problems with the trial in absentia. For example, the fact that trial attorney Carlson stipulated to an agreement with the State. However, those claims against trial counsel Carlson are procedurally defaulted. So any arguments on those claims are not before this court today. The only question on the claims against trial counsel Carlson, how he carried out his duties in representing Petitioner in the absentia trial, the only issue, since there's a procedural default, is whether Petitioner can get out of that default through the actual innocence gateway. And for the reasons we state in our brief, Petitioner simply does not make a colorable showing of actual innocence in this case, and he cannot get out of his procedural default on the claims against trial attorney Carlson. I believe that's all I had to address today, unless the Court has any more questions. Roberts. No questions from the Court. Thank you, counsel. Fisher. Thank you, Your Honor. We would ask the Court then to affirm the judgment of the district court. Understood. Ms. Hay, you have some reserved time. I want to address first the important question of procedural default so that there's no error in the record. Ms. Hay, would you take the microphone down a little closer to you there? Very good. Thank you. On the question of procedural default, there's no question that the argument about in absentia trial and appellate counsel's failure to raise that is not procedurally defaulted. The States agreed that that was fully preserved. The errors of trial counsel, that is, his failure to investigate witnesses, failure to put on the question of the fact that there was no shower in this house, even though the victim alleged that the crime occurred when there was a shower, those are errors of trial counsel that are procedurally defaulted. And we recognize that in our brief, and I put forward the evidence we have of actual innocence. Of course, it would be better if we could have gone to Mexico and attempted to get a recantation. That's not in the record, Your Honor, and I submit that issue on the briefs. But the in absentia trial includes the constitutional violations that occurred at that trial. And that issue has been raised throughout. That is, in the post-conviction proceedings, the Petitioner argued that his right to cross-examine witnesses was abridged by this unconstitutional in absentia trial. So the appellate counsel should have argued that in absentia trial was not knowing involuntary waiver, and he should have argued that the in absentia trial itself was unconstitutional because of the confrontation clause violations and the Sixth Amendment violations at that trial. Those issues are not defaulted, and the Court can address them. On the question of preservation of error and the State's argument that this is a jurisdictional issue, that's an argument that's appropriate to make in the appellate court in the State if this case is remanded.  It can raise the argument there. What we're looking at is whether appellate counsel was ineffective for failing to even try to appeal this issue on behalf of Mr. Beltran. Mr. Beltran was subjected to a proceeding that really cannot fairly be called a trial. And he was convicted and sentenced to 100 months in prison for that. Should his appellate counsel have acted as his advocate and attempted to raise an issue that was clearly in the record and that his attorney had tried to preserve for him? Now, if the State succeeds in convincing the appellate court that this is not something that's error apparent on the record and that this is not an issue that they need to address, then Mr. Beltran will fail in the State courts. But the question in this court is was his appellate attorney ineffective for even trying? And our argument is that, yes, he was. And I think the recent case of Halbert v. Michigan helps provide support for that argument. The one other issue about the knowing and voluntary waiver, the State argues that, again, the written waiver is sufficient. And, Your Honor, there are very few instances where a defendant is permitted to waive extraordinary constitutional rights just based on a piece of paper. Even though it's signed in the courtroom, the obligation of the judge is to ensure that the waiver is knowing and voluntary. And I want to make sure it's clear that the burden should be on the prosecution to show that a waiver is knowing and voluntary. And that's, again, from Boykin, where the court said, the requirement of the prosecution spread on the record prerequisites of a valid waiver is no constitutional innovation. It's the prosecution's job to show that this waiver was knowing and voluntary. I submit they've argued that it was a voluntary waiver because he didn't appear. But the evidence is not unequivocal that this was a knowing waiver. In fact, at the sentencing, Mr. Beltran expressed a great deal of confusion about the fact that he could not go back. He said, I don't get another trial. That's the end of it. There's no more matter. And he didn't understand that this was it. He had lost his rights. So the duty is on the government and on the prosecution to make sure that when a defendant waives important rights, he knows what he's doing and the choice is made with his eyes wide open. That's from Ferretta. The government didn't do that in this case with a non-native speaker of English, non-educated, who is in the courtroom with his attorney, and the judge never tells him that if you do not appear, the trial will happen without you. That's the crucial colloquy that was missing, and I submit that distinguishes this case from Adams v. Peterson, a case from this circuit that's cited in the briefs where the defendant waives rights and has a stipulated facts trial. The court in that case said the state court or the federal court engaged in a colloquy with the defendant and actually said to him, you know that you're waiving your right to a jury trial. And the defendant said yes. So the record evidence in that case showed that there was a knowing waiver. In this case, Your Honor, there's not a knowing waiver, and even if there were a knowing waiver of the right to appear, the proceeding that he received was not the trial that he was promised. That issue was raised in post-conviction and in our briefs and is not defaulted. I would ask the court to reverse the decision of the district court, remand this case so that he can receive an effective appeal. Thank you, Your Honor. Thank you, counsel. The case just argued will be submitted for decision.
judges: Browning, D.W. Nelson, O'Scannlain